MADDOX, Justice
(Dissenting).
The Court of Criminal Appeals, without a single judge dissenting, concluded:
“The officer had not commenced any custodial interrogation at the time. The conduct of the officer was not accusative. He was acting normally, naturally, and with due regard to defendant, as well as for the protection of the officer against a possible sudden use of a firearm. It is significant, perhaps, that the officer used the word ‘gun,’ in that it may indicate that he did not know the kind of weapon that was used in the homicide. The absence of Miranda warnings does not forbid the introduction in evidence of statements by a defendant that are not the product of custodial interrogation. Kelley v. State, Ala.Cr.App., 366 So.2d 1145, 1148-1149 (1979), and cases therein cited.”
The majority, in attempting to steer a course between Miranda and Terry has so fixed its attention upon the fact that the suspect was lying flat on the ground that it cannot see that the officer was, in the words of the opinion of the Court of Criminal Appeals, “acting normally, naturally, and with due regard to defendant, as well as for the protection of the officer against a possible sudden use of a firearm.”
The majority’s conclusion that “the defendant posed no threat of harm at the time the crucial questions were asked” is the epitome of judicial hindsight, and expands the Miranda doctrine even beyond the twilight zone. If the officer is to be believed, he was concerned for his own personal safety, because, as he testified, the suspect “didn’t stop right away,” he did not dismount his vehicle immediately, and after being told again to dismount, “he slowly got out of the vehicle.” If asking a suspect, who is believed to be armed, if he “has a gun” is “custodial interrogation,” then I completely misunderstand Miranda, and put too much stock in Terry. I recognize, of course, that there is a line between Miranda and Terry and that under certain factual situations, it is difficult to determine whether or not Miranda should apply. In this case, however, I think the Court of Criminal Appeals was correct in determining that this one fell on the Terry side.
In summary, this case does not involve the evil that Miranda sought to prevent. This case is an example of a dangerous on-the-street confrontation and the interrogation by the officer is not the type which Miranda condemned; the action taken by the officer was the type permitted by Terry, under the particular facts of this case.
ALMON, J., concurs.